**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALLEGRA NETWORK LLC and ALLEGRA
HOLDINGS LLC,

      Plaintiffs,

v.                                                       Case No. 11-11131

DEBRA A. BAGNALL and BAGNALL
ENTERPRISES, INC.,

      Defendants.
                                     /

**ORDER GRANTING PLAINTIFFS' "MOTION TO REOPEN CASE . . . ," HOLDING DEFENDANTS IN CONTEMPT, DIRECTING DEFENDANTS TO PAY ATTORNEY'S FEES, AND SETTING SECOND SHOW CAUSE HEARING**

Before the court is Plaintiffs Allegra Network LLC and Allegra Holdings LLC's (collectively, "Allegra's") "Motion to Reopen Case and for an Order to Show Cause," in which Plaintiffs allege that Defendants Debra A. Bagnall and Bagnall Enterprises, Inc., have failed to comply with a provision in the "Stipulated Order for Injunction" requiring them to transfer a telephone number used in connection with their former printing business. Plaintiffs seek an award of attorney's fees associated with prosecuting the motion, the imposition of compensatory sanctions, and an order directing Defendants to comply with its obligation under a stipulated injunction order to transfer the telephone number. On April 4, 2012, the court heard arguments on the motion and the parties presented numerous witnesses. For the reasons stated below and on the record, the court will grant Plaintiffs' motion and hold Defendants in contempt.

This case arises out of the termination of a franchise agreement between Defendant Bagnall and Plaintiffs. In October 1989, Defendant Bagnall began operating an American Speedy Printing Centers, Inc., franchise in Monroe, Michigan. Following Defendant Bagnall's failure to pay royalties, Plaintiffs terminated the franchise agreement in December 2010. On March 18, 2011, Plaintiffs initiated this lawsuit, alleging that, following the termination of the franchise agreement, Defendant Bagnall continued to operate a printing business at the same location as the former American Speedy franchise, in violation of a non-competition clause, and failed to transfer the telephone number associated with the former franchise, as obligated under the franchise agreement. The parties ultimately settled the lawsuit and the court entered the stipulated injunction, which provided, in pertinent part:

> Defendants will relinquish any interest in telephone number (734) 457-0500 and shall immediately execute such instruments or papers or take other steps as may be appropriate or required to cooperate in transferring telephone number (734) 457-0500 to Allegra or its designee. Defendants agree that Alfred Haines will also relinquish any interest in telephone number (734) 457-0500 and will execute such instruments or papers or take other steps as may be appropriate or required to cooperate in transferring telephone number (734) 457-0500 to Allegra or its designee.

(Stipulated Order For Injunction ¶ D, Dkt. # 27.)

On February 28, 2012, Plaintiffs filed a "Motion to Reopen Case and for an Order to Show Cause," in which they argue that Defendants have failed to comply with paragraph D of the stipulated injunction. (Pls.' Mot. ¶¶ 5, 17.) According to Plaintiffs, after the entry of the injunction, the parties conferred with Comcast, the telephone service provider, and learned that the most efficacious way to transfer the number was to have the holder of the telephone number, Alfred Haines—a non-party but the husband

and business partner of Defendant Bagnall—provide Comcast with the name and contact information of the transferee at the time he released the number. (*Id.* at ¶ 6.) The transferee would then have ten days to call and claim the number. Once Haines called Comcast and released the number, Defendants agreed to immediately inform Plaintiffs so that the number could be claimed. (*Id.*) Plaintiffs provided Defendants the name and contact information of their transferee on December 22, 2011. (*Id.* at ¶ 7.)

The next day Defendants' counsel informed Plaintiffs' counsel that Defendant Bagnall and non-party Haines were out of town for the holidays but indicated that they would be able to transfer the number the following week. (*Id.* at ¶ 8.) On December 28, 2011, Plaintiffs' counsel reassured Defendants' counsel that he had "discussed the matter at length with [his] clients and they have no objection to making the transfer." (Email from Richard Tomlinson to Amy Haywood (Dec. 28, 2011), Dkt. # 28-2.) Despite counsel's assurances, Defendants failed to transfer the number by the end of the year, and, over the course of the first four weeks of January, Plaintiffs' counsel followed up with Defendants' counsel nine times to no avail. (Pls.' Mot. ¶¶ 13-14.) On January 31, 2012, Plaintiffs' counsel contacted Defendants' counsel a tenth and final time and advised him that if Defendants did not transfer the number by the end of the week, Plaintiffs would move for a court order enforcing the stipulated injunction. (*Id.* at ¶ 15.) Defendants' counsel, for the first time, informed Plaintiffs' attorney that Haines had called Comcast the previous week and released the number without notifying Plaintiffs of the release. (*Id.* at ¶ 16.) Plaintiffs' designee immediately called Comcast to claim the number. Comcast, however, informed the designee that the number had been claimed three week earlier, on January 9, 2012. (*Id.* at ¶ 17.)

At the contempt hearing, Plaintiffs presented additional evidence suggesting that Defendant Bagnall's husband had not actually released the telephone number in January 2012 as Defendants' counsel stated in his January 31, 2012 email to Plaintiffs' counsel. Ryan Duvall, a private investigator retained by Plaintiffs to determine the status and current ownership of the telephone number, testified that after searching the TLO database,[1] the telephone number is currently controlled by an individual named Debra A. Haines, presumably an alternate identity of Defendant Bagnall. Duvall further testified that in the more than one thousand times he has used the database in the course of his career as a private investigator he is unaware of an instance where the information contained in the database was inaccurate or not current.

Defendant Bagnall and non-party Haines also testified at the contempt hearing. Defendant Bagnall stated that in May 2011 she transferred the number to her husband and no longer retained control over the telephone number. While on vacation in California between December 22, 2011, and January 12, 2012, Defendant Bagnall testified that she asked her husband several times to call Comcast and transfer the number to Plaintiffs. Haines stated that he did not act on his wife's request because he was upset with her. Sometime after they returned from vacation, and more than two weeks after this court entered the stipulated injunction directing Defendants immediately to take the necessary steps to transfer the telephone number, Defendant Bagnall testified that she personally called Comcast for the first time on or about January 16, 2012. She said that a Comcast representative informed her that she could not release

---

[1] The TLO database is an electronic database utilized by private investigators to, *inter alia*, identify the current ownership of telephone numbers.

the number because her husband was listed as the owner of the number. Defendant Bagnall admitted that she did not provide Comcast with this court's stipulated injunction, nor did she inform Comcast that a federal court order required her to transfer the number. Instead, she merely mentioned to the representative that a pending legal action required her to release and transfer the number. Haines testified that sometime around the end of January he called Comcast and released the number. Despite having full knowledge that he was supposed to immediately contact Plaintiffs' designee upon releasing the number, Haines said that he never called the designee to notify him that the number could be claimed. All parties agree that as of the time of the contempt hearing, the telephone number had yet to be transferred to Plaintiffs or their designee in accordance with the stipulated injunction.

"When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court." *Elec. Workers Pension Fund of Local Union 58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). The imposition of sanctions "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911). Judicial sanctions for contempt may be employed for either or both of the following purposes: (1) to coerce a party to comply with a court order; and (2) to compensate a party for losses sustained. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947). "In order to hold a litigant in contempt, the movant must produce clear and convincing evidence that shows that '[the contemnor] violated a definite and specific order of the court requiring

him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *NLRB v. Cincinnati Bronze*, 829 F.2d 585, 591 (6th Cir. 1987)). "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Id.* To satisfy this burden, "a defendant must show categorically and in detail why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quotation omitted). "When evaluating a defendant's failure to comply with a court order, [a court] also consider[s] whether the defendant 'took all reasonable steps within [his] power to comply with the court's order.'" *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (third alteration in original) (quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)).

In the instant case, Plaintiffs have shown by clear and convincing evidence that Defendants are currently in violation of paragraph D of the stipulated injunction. In spite of Defendant Bagnall's protestations that she relinquished any interest in the telephone number in May 2011, by entering into a settlement agreement with Plaintiffs and consenting to the issuance of the stipulated injunction, Defendants assumed a legally enforceable obligation to "immediately execute such instruments or papers or take other steps as may be appropriate or required to cooperate in transferring telephone number (734) 457-0500." (Stipulated Order for Injunction ¶ D.) The evidence presented during the show cause hearing demonstrates that Defendants did not immediately take, and still have not taken, the required steps to transfer the telephone number to Plaintiffs' designee. Defendant Bagnall admits that she waited more than two weeks after the

court entered the stipulated injunction to call Comcast and personally request the release and transfer of the telephone number.  Moreover, despite purportedly experiencing resistance from a Comcast representative, Defendant Bagnall did not present Comcast with this court's order requiring the immediate transfer of the number.  Instead, she only vaguely informed the representative that a "legal action" required the number to be transferred.

Defendant Bagnall's contention that she did all she could to persuade her husband to transfer the number is also unavailing.  Defendants' agreement "that Alfred Haines will also relinquish any interest in the telephone number . . . and . . . execute such instruments or papers . . . as may be appropriate or required to cooperate in transferring," (Stipulated Order of Injunction ¶ D), presupposes an ability on the part of Defendant Bagnall to ensure that her husband, the purported owner of the telephone number, would transfer the number in accordance with the injunction.[2]  In fact, based upon Defendants' representations that they would ensure Haines's compliance with the stipulated injunction, Plaintiffs decided not to seek a lifting of the stay in Haines's pending bankruptcy petition to add him as a party in this case, thereby conserving party and judicial resources.  Defendants' commitment to have Haines transfer the number to Plaintiffs' designee required more than Defendant Bagnall merely "asking" her husband on several occasions to transfer the number.  Defendant Bagnall could have and should have taken additional, affirmative steps to ensure the timely transfer of the number,

---

[2]To the extent Defendants now claim that they never had the ability to ensure non-party Haines's cooperation, Defendants should query the legal implications of a party representing that it has the ability to perform an important duty as a condition of the settlement despite knowing that it is, in fact, incapable of performing the condition.

7

including, for example, having Haines execute a legal instrument transferring his interest in the number to Defendant Bagnall so that she could than directly transfer the number to Plaintiffs' designee. Finally, at no time after experiencing resistance from her husband or Comcast did Defendant Bagnall seek the assistance of her attorney to pursue legal avenues to complete the transfer of the telephone number. This amounts to clear and convincing that Defendants, with full knowledge of their obligations under the stipulated injunction, violated a "definite and specific order" of this court.

To avoid a finding of contempt and the imposition of sanctions, Defendants must "show categorically and in detail why [they are] unable to comply with the court's order." *Rolex Watch U.S.A.*, 74 F.3d at 720 (quotation omitted). Here, Defendants suggest that they are unable to transfer the telephone number because Defendant Bagnall relinquished any interest in the number in May 2011 and a non-party now controls the number. (Defs.' Resp. ¶ 5.) Defendants also contend that they have "taken steps to cooperate in transferring the telephone number . . . to Allegra." (*Id.*) Even accepting the veracity of Defendant Bagnall's claims that she asked her husband on several occasions to transfer the number and personally called Comcast once she returned from California, Defendants have fallen well short of demonstrating "categorically and in detail" why they cannot comply with paragraph D of the stipulated injunction. As the court stated above and on the record, Haines's apparent refusal when asked by Defendant Bagnall to transfer the number does not demonstrate that Defendants were and currently are unable to transfer the number, especially in light of Defendants legally enforceable commitment to "immediately execute such instruments or papers or *take other steps as may be appropriate or required* to cooperate in transferring [the]

8

telephone number."  (Stipulated Order of Injunction ¶ D (emphasis added).)  There were additional steps by which Defendants could have secured Haines's cooperation in transferring the number, including appealing for assistance to Defendants' attorney upon encountering Haines's resistence.  Furthermore, Defendants have yet to investigate the current status and location of the telephone number to determine whether it may still be possible to transfer the number to Plaintiffs designee.  Defendants can surely retain the services of a private investigator, as Plaintiffs' did in this case, to identify the current location of the telephone number.  If Defendants determine that the telephone number is currently controlled by an entity or person other than Defendants or Haines, Defendants could reasonably pursue a course of action wherein they offer the current owner some consideration in exchange for relinquishing its interest in the telephone number.  Defendants have not proffered sufficient and credible evidence "showing that [they are] presently unable to comply with the court's order," *Gary's Elec. Serv. Co.*, 340 F.3d at 379, and are therefore in contempt.  Accordingly,

     IT IS ORDERED that Plaintiffs' "Motion to Reopen Case and for an Order to Show Cause" [Dkt. # 28] is GRANTED as follows:

     FIRST, Defendants Debra A. Bagnall and Bagnall Enterprises, Inc., are in CONTEMPT.  As a result, Defendants are DIRECTED to take any and all actions necessary to immediately transfer the telephone number (734) 457-0500 to Plaintiffs or their designee.  Defendants are further DIRECTED to pay to Plaintiffs a civil penalty of $100.00 per day beginning on the date of the issuance of this order, and continuing until Defendants have complied with this order or for twenty-eight days.  If Defendants have

not transferred the telephone number after the initial twenty-eight-day period, the civil penalty will increase to $500.00 per day and continue for an additional twenty-eight days.  If Defendants have not transferred the number at the end of the second twenty-eight-day period, further penalties, including additional fines or imprisonment, are possible.  Plaintiffs' counsel is DIRECTED to file a brief status memorandum on the last day of each twenty-eight-day period indicating whether Defendants have complied with this order.

SECOND, Plaintiffs' request for an award of reasonable attorney's fees incurred between February 3, 2012, and April 4, 2012, in prosecuting this motion, as requested in their "Motion to Reopen Case . . ." and at the contempt hearing, is GRANTED. Plaintiffs are DIRECTED to submit an itemization of attorney's fees and reasonably detailed supporting documentation in accordance with this order on or before **April 20, 2012**.  Should Defendants wish to submit objections to the Plaintiffs' itemization of attorney's fees, they must do so on or before **April 27, 2012**.

THIRD, Plaintiffs' request for the imposition of compensatory sanctions in the form of approximately two years of lost royalty payments is HELD IN ABEYANCE pending further consideration by the court.

FOURTH, in order to assess Defendants' compliance and evaluate the need for further penalties, the court will conduct a hearing on **June 6, 2012, at 2:00 p.m.**, during which Defendants are ORDERED TO SHOW CAUSE as to why they should not be further sanctioned for failing to comply with the stipulated injunction and this order. Defendant Debra A. Bagnall is required to personally appear for this hearing.

                         s/Robert H. Cleland
                         ROBERT H. CLELAND
                         UNITED STATES DISTRICT JUDGE

Dated: April 6, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 6, 2012, by electronic and/or ordinary mail.

                         s/Amanda Chubb for Lisa G. Wagner
                         Case Manager and Deputy Clerk
                         (313) 234-5522