UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEGRA NETWORK LLC and ALLEGRA
HOLDINGS LLC,

      Plaintiffs,

v.                                        Case No. 11-11131

DEBRA A. BAGNALL and BAGNALL
ENTERPRISES, INC.,

      Defendants.
_____/

**ORDER IMPOSING COMPENSATORY SANCTIONS, AWARDING ATTORNEY'S FEES AND COSTS, AND CANCELLING JUNE 6, 2012 HEARING**

On April 4, 2012, the court conducted a show cause hearing and found Defendants Debra Bagnall and Bagnall Enterprises, Inc., in contempt of the court's stipulated injunction order requiring Defendants to transfer the telephone number previously associated with their printing business to Plaintiffs or their designee. In a April 6, 2012 order, the court directed Defendants to take any and all steps necessary to transfer the telephone number and established a monetary civil penalty for each day Defendants failed to comply with the directive. (4/6/2012 Order at 9-10, Dkt. # 36.) The court also awarded Plaintiffs reasonable attorney's fees and costs associated with prosecuting their motion to enforce the stipulated injunction and directed them to file an itemized accounting of such fees and costs. (*Id.* at 10.) Plaintiffs' request for compensatory sanctions was held in abeyance pending further consideration by the court. On May 1, 2012, Plaintiffs filed a status report indicating that Defendants

completed the transfer of the phone number on April 6, 2012. Having immediately complied with the court's directive to transfer the number, Defendants are not subject to the daily civil penalty. However, the court will impose sanctions to compensate Plaintiffs for the harm they suffered as a result of Defendants' approximately three-month delay in transferring the number and will finalize the award of attorney's fees and costs.

## I. COMPENSATORY SANCTIONS

A court may impose civil contempt sanctions for two distinct purposes: (1) to coerce compliance with a judicial order and (2) to compensate a party for harm sustained as a result of contumacious conduct. *United States v. Bayshore Assocs. Inc.*, 934 F.2d 1394, 1400 (6th Cir. 1991) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)). Where the fine is compensatory, it is payable to the complaining party and must be based on proof of actual loss. *Id.* Here, Plaintiffs satisfactorily established through the testimony of two executives, Meredith Flynn, Vice President of Financial Services and Franchise Compliance, and Michael Dye, a regional operations director, that the value to Plaintiffs of the telephone number was $2000 per month. Thus, Plaintiffs suffered $6000 in harm during the three-month period between the court's entry of the stipulated injunction and Defendants' ultimate transfer of the number. Flynn and Dye arrived at the value of the number by multiplying the estimated percentage of sales derived from telephone inquiries and orders by the royalty payment charged to a franchisee, which is based on a franchisee's annual sales.[1] The loss

---

[1]Dyer testified that the percentage of sales derived from telephone inquiries and orders is based on the results of performance focus groups conducted with franchisees.

calculation is further supported by the fact that the telephone number became closely associated with the American Speedy Printing brand over the course of the nearly two decades Defendants operated the franchise.  One may reasonably conclude that the sudden termination of the franchise and dissociation of the number with the American Speedy Printing brand inflicted financial harm on Plaintiffs.  Accordingly, the court will impose a compensatory sanction in the amount of $6000, which represents the lost value of the telephone number during the period Defendants failed to comply with the stipulated injunction.  Plaintiffs' request for an additional $6000 sanction for the loss of good will suffered as a result of not being able to respond and service the customers who called the number during the three months is unwarranted, as the claimed loss is unsubstantiated and would likely permit double recovery.

## II.  AWARD OF ATTORNEY'S FEES AND COSTS

At the direction of the court, Plaintiffs submitted a detailed accounting of their attorney's fees and costs incurred between February 3, 2012, and April 4, 2012, as a result of Defendants' noncompliance.  Defendants were given an opportunity to object to the reasonableness of Plaintiffs' fees and costs but have not done so. Having reviewed the accounting, the court finds the fees and costs to be reasonable and well-documented.

After deciding to award attorney's fees, a court must determine what amount is reasonable. See *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).  "A reasonable fee is 'one that is adequate to attract competent counsel, but . . . does not produce windfalls to attorneys.'"  *Id.* (alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).  The "lodestar" approach is considered to be the proper method for determining

the amount of reasonable attorney's fees. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (alterations in original) (citation omitted). If the party seeking attorney's fees carries its burden of showing that its claimed rates and number of hours are reasonable, "'the resulting product is presumed to be the reasonable fee' to which counsel is entitled." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986) (quoting *Blum*, 465 U.S. at 897).

Plaintiffs retained two different law firms in this matter, Cheng Cohen, LLC, a Chicago-based law firm, and Brooks Wilkins Sharkey & Turco PLLC, a Detroit-area law firm. Cheng Cohen billed Plaintiffs for 52.6 hours of work at hourly rates ostensibly ranging from $175 to $400. The actual rates charged to Plaintiffs, however, were at times adjusted downward to reflect a billed hourly rate that was lower than the stated rate. The total amount billed by Cheng Cohen for attorney's fees was $12,291.25, which amounted to an average hourly rate of $233.67. Brooks Wilkins Sharkey & Turco billed Plaintiffs $2025 for 8 hours of work, for an average hourly rate of $253.13.

The approximately sixty hours billed by Plaintiffs' counsel during the course of their three-month effort to enforce the stipulated injunction is justified. As a result of Defendants' unwillingness to comply with the injunction absent additional court intervention, counsel was required to investigate the status of the telephone number, research and draft a motion to enforce the stipulated injunction, and prepare for a show cause hearing in which both sides presented witnesses. Furthermore, average hourly

rates of $233.67 and $253.13 are reasonable and comparable to other fee awards granted in this district. *See Andrews v. Prudential Ins. Co. of Am.*, No. 08-14391, 2010 WL 1257784 (E.D. Mich. Mar. 29, 2010) (finding reasonable hourly rate of $250); *Jackson v. Butler*, No. 09-10779, 2009 WL 5217675 (E.D. Mich. Dec. 29, 2009) (same); *148133 Canada, Inc. v. Global Gallery, Inc.*, No. 08-14343, 2009 WL 3270507 (E.D. Mich. Oct. 5,2009) (same); *Darbyshire v. Garrison*, No. 04-72272, 2006 WL 581032 (E.D. Mich. Mar. 8, 2005) (finding reasonable hourly rates of $200 and $250).  Plaintiffs have therefore established a presumption, unrebutted by Defendants, that their claimed attorney's fees are reasonable.  In addition to awarding $14,316.25 in attorney's fees, the court will also award Plaintiffs the additional costs, totaling $1,246.12, associated with prosecuting their motion.  Such costs are reasonable and substantiated in Plaintiffs' accounting, and include: (1) the fee charged by a private investigator to determine the ownership of the telephone number; (2) the expenses incurred in serving subpoenas; and (3) other documented administrative costs.

### III.  CONCLUSION

For the reasons set forth above, IT IS ORDERED that compensatory sanctions, payable to Plaintiffs, are imposed against Defendants Debra A. Bagnall and Bagnall Enterprises Inc., in the amount of $6000.

IT IS FURTHER ORDERED that attorney's fees and costs are awarded against Defendants in the amount of $15,562.37.

Finally, IT IS ORDERED that the June 6, 2012 status hearing is CANCELLED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: May 25, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 25, 2012, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522